**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOMAS A. BANUS, BRENT BISHOP,
NAVID ALIPOUR, ANIBAL DRELICHMAN,
GUIDO ALVAREZ, and ROBERT GUISTI, on
behalf of themselves and all others similarly
situated,

Plaintiffs,

-against-

CITIGROUP GLOBAL MARKETS, Inc., Does
1-50, Inclusive,

Defendant.

CASE NO. 09-CV-7128

*Electronically Filed*

I, Erin E. MacAvoy, declare:

1.     I am an associate attorney with the law firm of Alonso, Andalkar & Kahn, P.C.,
the attorneys for Citigroup Global Markets, Inc. in the FINRA Arbitration Proceedings of
*Citigroup Global Markets, Inc. v. Navid Alipour*; Case No. 09-03775 (the "*Alipour* Arbitration"),
and *Citigroup Global Markets, Inc. v. Brent Bishop*, Case No. 09-02592 (the "*Bishop*
Arbitration") (collectively, the "Arbitration Proceedings").

2.     On or about October 22, 2009, Navid Alipour through his attorney, Mark
Thierman, Esq., submitted an application to FINRA in the *Alipour* Arbitration, requesting that
the matter be stayed pursuant to FINRA Rule 13204. Mr. Thierman also provided FINRA with a
copy of the First Amended Complaint in the above-captioned action and sought to incorporate
the claims asserted therein. A true and correct copy of Mr. Thierman's October 22, 2009 letter is
attached hereto as **Exhibit A**. A nearly identical request was also submitted by Mr. Thierman on
October 22, 2009 in the *Bishop* Arbitration, a true and correct copy of which is attached hereto as
**Exhibit B**.

3.     On or about November 24, 2009, Citigroup Global Markets, Inc. (the
"Company") submitted an opposition to the request for a stay in the *Alipour* Arbitration, a true

and correct copy of which is attached hereto as **Exhibit C**. On or about November 25, 2009, the Company submitted an opposition to the request for a stay in the *Bishop* Arbitration, a true and correct copy of which is attached hereto as **Exhibit D**.

4.    On or about October 26, 2009, the FINRA Director referred Mr. Thierman's request for a stay in the *Alipour* Arbitration to the panel. A true and correct copy of the FINRA Director's October 26, 2009 letter is attached hereto as **Exhibit E**.

5.    On or about December 18, 2009, an Initial Pre-Hearing Conference call (the "Conference") was held in the *Alipour* Arbitration. I, along with Mr. Theirman and the arbitration panel, attended the entirety of the Conference.

6.    During the Conference, Mr. Thierman represented that he was making a special appearance on behalf of Mr. Alipour and that he objected to the jurisdiction of FINRA in light of the above-captioned class action. Mr. Thierman stated that a stay should be in effect pursuant to FINRA Rule 13204. As such, Mr. Thierman refused to accept or deny confirmation of the arbitration panel ("Panel").

7.    The Panel then proceeded to join the FINRA Case Administrator, Audrey Philips, and the Regional Director of the FINRA Western Regional Office, Laura McNamara, to the Conference. At this time, each party was given an opportunity to state its position with regard to the stay application before the Panel. Mr. Thierman reiterated his argument that a stay was in effect pursuant to FINRA Rule 13204.

8.    After hearing from the parties, the Panel, along with the Case Administrator and the Regional Director, went into an executive session, and the parties were removed from the Conference line. When the parties were rejoined to the Conference, the chairwoman of the Panel stated that, along with the assistance of the Regional Director, the Panel had determined that there was no stay in place and that the conference, and the arbitration, would proceed.

9.    On January 6, 2010, FINRA issued a scheduling order, setting forth dates for a pre-hearing conference and hearing dates in the *Alipour* arbitration. The order also sets out dates for discovery as well as a deadline for filing any motions. Finally, the order notes that Mr.

Thierman made a special appearance at the December 18th hearing and that his only cooperation was regarding selecting arbitration dates. A true and correct copy of the January 6, 2010 scheduling order is attached hereto as **Exhibit F**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ 8th _____ day of January, 2010.

Erin E. MacAvoy